FILED
DEC 28 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORUM,<br><br>    Plaintiff,<br><br>v.<br><br>CHERTOFF,<br><br>    Defendant. | No. C05-00795 MJJ<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |

**INTRODUCTION**

Before the Court is Plaintiff Percy Orum's ("Orum" or "Plaintiff") Motion for Reconsideration of the Court's Order granting in part and denying in part Defendant Michael Chertoff's ("Defendant") Motion to Dismiss. (Docket Nos. 36, 28.) For the following reasons, the Court **DENIES** Plaintiff's Motion.

**FACTUAL BACKGROUND**

On October 5, 1998, Plaintiff filed a formal administrative complaint (Agency Compl. No. I-99-W007 ("EEOC Complaint I") with the Equal Employment Opportunity Commission ("EEOC"). In that complaint, Plaintiff alleged that the DHS discriminated against him on the basis of his race, age, color, sex, and in retaliation for making prior claims. The EEOC did not find that the DHS discriminated against Plaintiff, and issued a final decision on May 3, 2002 ("EEOC Decision I"). On July 19, 2004, Plaintiff filed a Complaint in this Court seeking a review of that EEOC decision. (*Orum v. Ridge*, Case No. C-04-2923-MJJ ("*Orum I*")).

Next, Plaintiff filed a new complaint of employment-related discrimination with the EEOC, alleging that he was subjected to discrimination based on race, age, color, sex, retaliation for prior EEOC activity, and a continuous pattern of harassment and hostile work environment (Agency Compl. No. I-01-W092 ("EEOC Complaint II"). The EEOC was under the impression that Plaintiff filed the EEOC Complaint II on June 19, 2001. The EEOC dismissed Plaintiff's EEOC Complaint II for failure to file the formal complaint in a timely manner ("EEOC Decision II"). On February 23, 2005, Plaintiff filed a second Complaint in this Court ("*Orum II*"), which included the allegations Plaintiff made in *Orum I* and asserted the additional allegations he made in the EEOC Complaint II. (Docket No. 1.) On June 8, 2005, this Court consolidated *Orum I* and *Orum II*. (Docket No. 11.)

In Defendant's Motion to Dismiss, the Court considered whether Plaintiff's claims alleged in, or related to, Plaintiff's EEOC Complaint II, were time barred and administratively exhausted. (*See* Docket No. 28 at 4.) As a preliminary matter, the Court construed Plaintiff's Complaint in *Orum II* as an amended complaint to his complaint in *Orum I*. (Order, Docket No. 28 at 3.) The Court then determined that Plaintiff's allegations relating to EEOC Complaint II were time barred and not equitably tolled or subject to the continuing violation doctrine. In addition, the Court found that Plaintiff's appeal to this Court was timely, but that any allegations not raised in either of Plaintiff's administrative complaints were not administratively exhausted. (*See* Docket No. 28.) Plaintiff now seeks reconsideration of this Order because essential information was missing from the record which establishes that his EEOC Complaint II was timely filed. (Plf.'s Motion at 1.)

## LEGAL STANDARD

There are three potential grounds for reconsideration: (1) that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" and that, "in the exercise of reasonable diligence[,] the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;" (2) that there was "an emergence of new material facts or a change of law occurring after the time of such order;" or (3) that there was "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

## ANALYSIS

Plaintiff originally filed this Motion on June 12, 2007. Plaintiff requested Leave for the Court to consider the Motion for Reconsideration ("Leave") on August 3, 2007. (Docket No 65.) Plaintiff's request for leave sets out similar, but slightly different, arguments than his original Motion. In essence, Plaintiff contends that essential information was missing from the record before the Court which establishes that his EEOC Complaint II was timely filed. (Plf.'s Motion at 1.)

With this Motion for Reconsideration, Plaintiff filed five exhibits: (1) a Notice of Right to File a Complaint of Discrimination dated March 26, 2001; (2) another copy of this Notice, with a few additional pages of notes from Plaintiff's EEO counselor noting, inter alia, his attempts to withdraw as Plaintiff's counselor; (3) an EEO Complaint dated June 19, 2001; (4) a packet of documents, including what appears to be a different version of Plaintiff's EEO Complaint, with a fax cover sheet dated March 21, 2001, directed to the EEO Western Regional Office; and (5) an EEOC decision, *Toy v. Ridge*.

Exhibits 1 and 3 were both previously before the Court as Defendant's Exhibits 4 and 5 to Defendant's Motion to Dismiss. Exhibit 2 includes Exhibit 1, with an assortment of additional pages attached. Exhibit 4 is a packet of documents that Plaintiff argues was dated March 21, 2001. Exhibit 5 is an EEOC decision from September 2004. Plaintiff conceded at oral argument that these documents are not newly developed and were not before the Court because he failed to provide them. Indeed, each of the documents are dated prior to the date of the hearing in Defendant's Motion to Dismiss, October 25, 2005. Thus, Plaintiff has not met his burden of showing that, at the time of the motion for leave, there was a material difference in fact or law from that which was presented to the Court or that there are newly emerged material facts or law.[1] See Civ. L. R. 7-9(b). Plaintiff's Motion does not, therefore, meet the standard for reconsideration set forth in Civ. L. R. 7-9(b).

Even if the Court considered Plaintiff's Motion, and the documents submitted therewith, it would not alter the outcome of Defendants' Motion to Dismiss. While Plaintiff, in this Motion, incorporates the Court's language regarding the continuing violations doctrine and equitable

---

[1] Plaintiff does not assert the third grounds for reconsideration, that there was a manifest failure by the Court to consider material facts or dispositive legal arguments.

3

estoppel, the documents he offers do not speak to these theories or the facts supporting them. Instead, Plaintiff clarified at oral argument that his argument in this Motion is that Exhibit 4 is a formal EEO Complaint that he faxed on March 21, 2001. This document, Plaintiff argues, establishes that he timely filed a formal EEO Complaint.

There is a detailed scheme regarding EEO counseling and the filing of formal EEO Complaints set forth in 29 C.F.R. § 1614.105 and § 1614.106. Specifically, "[a]ggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Then, the counselors engage in an informal process which consists of a number of counseling sessions with the employee. *See id.* §§ 1614.105(b)-(c). After the final counseling session, the counselor must inform the employee, in writing, of his or her right to file a discrimination complaint. *See id.* § (d). A complaint must be filed within 15 days of receipt of this notice. *See* 29 C.F.R. § 1614.106(b).

There are two significant flaws in Plaintiff's argument that Exhibit 4 establishes that his EEO Complaint was timely. First, while Exhibit 4 contains a document entitled "Complaint" that could be construed, with the right authentication, to be a formal EEO Complaint, there is no such authentication in the record. Second, this document is dated March 21, 2001, which is five days prior to the day his "Notice of Right to File a Complaint of Discrimination" ("Notice") was issued. While the regulations setting out the process for exhaustion do not expressly bar employees from filing complaints without first receiving this notice, there are also no provisions which allow employees to do so. *See generally* 29 C.F.R. § 1614.105, 1614.106; *see also Counts v. Reno*, 949 F.Supp. 1478, (D.Haw. 1996) (explaining the same interpretation of this rule, albeit in a different factual context). While Plaintiff allegedly filed this document, Exhibit 4, only five days before his Notice was issued, his alleged filing was not tethered to any other date or notice from the agency. Thus, the interpretation he urges this Court to adopt would effectively allow an aggrieved employee to file a formal EEO Complaint at any point during the informal resolution process. This would undermine the validity and efficiency of this process. The Court's analysis on this point is supported by the language of the statute which states that the Notice to an aggrieved employee informs him "of

4

the *right* to file a discrimination complaint." 29 C.F.R. § 1614.105(d). Presumably, therefore, an aggrieved employee does not have a *right* to file a discrimination complaint prior to the issuance of the Notice.

Furthermore, while district courts must liberally construe EEO complaints and find that Title VII exhaustion requirements are satisfied when there is *substantial* compliance with the presentment of discrimination complaints, Plaintiff's Exhibit 4 does not satisfy this requirement. *See, e.g., Sommatino v. U.S.*, 255 F.3d 704, 710 (9th Cir. 2001). The "specific claims made in district court ordinarily must be presented to the EEOC. However, the district court has jurisdiction over any charges of discrimination that are like or reasonably related to the allegations in the EEOC charge, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citations and quotations omitted). In essence, the employment discrimination charges must put the agency on notice of the general nature of the claims so that the agency can engage the informal process, and if necessary, the administrative process before the aggrieved employee files a court action. *Sommatino v. U.S.*, 255 F.3d at 710. There is nothing in the case law that indicates that substantial compliance with the timelines and process set forth in the applicable regulations is sufficient. Instead, the notion of *substantial* compliance is designed to ensure that the scope of the claims presented, and thus exhausted, by an aggrieved employee need not be made with legal precision before the agency. *See id.* Thus, Plaintiff's alleged filing of a formal complaint five days prior to the issuance of the Notice of right to sue does not meet the substantial compliance requirement.

In sum, therefore, even if the Court considered this newly presented, but not newly discovered, evidence, Plaintiff would not prevail on establishing that his EEOC Complaint II was timely filed and thus exhausted.

//

//

//

//

5

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: December ___, 2007

                                            MARTIN J. JENKINS
                                            UNITED STATES DISTRICT JUDGE